# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| GARY RANKIN | CIVIL ACTION NO. 12-2704-P |
| VERSUS | JUDGE FOOTE |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Gary Rankin ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this court on October 16, 2012.  Petitioner is incarcerated at the David Wade Correctional Center in Homer, Louisiana.  He challenges his state court conviction and sentence. He names Warden Jerry Goodwin as respondent.

On March 11, 2005, Petitioner pleaded guilty to one count of attempted second degree murder in Louisiana's Twenty-Sixth Judicial District Court, Parish of Webster.  On September 9, 2005, he was sentenced to 50 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) his guilty plea is invalid and (2) he received ineffective assistance of counsel during his sanity hearing.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been

_____

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4).  In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on March 11, 2005 and sentenced on September 9, 2005. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on August 23, 2006.  State v. Rankin, 41,128 (La. App. 2 Cir. 8/23/06), 938 So.2d 1172. Petitioner did not seek writs of review in the Supreme Court of Louisiana.  Thus, Petitioner's conviction and sentence became final on September 6, 2006, when the delay for applying for a rehearing expired.  See La. C.Cr.P. art. 922.

The federal petition currently before the Court was received and filed in this Court on October 16, 2012 and signed by Petitioner on September 25, 2012.  Since the federal clock began ticking on September 7, 2006 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before September 7, 2007.  This petition was not filed until September 2012 at the earliest, more than five years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period.  See

supra footnote 1.  Petitioner claims he filed an application for post-conviction relief in the trial court on January 14, 2007 (Doc. 1, pp. 5, 11).  Petitioner submits a receipt for an inmate request for legal/indigent mail which he claims was for his application for post-conviction relief filed in the trial court.  The receipt is dated January 14, but it is not possible to discern the year (Doc. 1, p. 45).  The state court's denial order states that the application was filed on January 17, 2008 (Doc. 1, p. 46).  The copy of the application for post-conviction relief that Petitioner submitted to this court is signed by Petitioner and dated January 14, 2007 (Doc. 1, p 60).  Petitioner's application for writ of review filed in the Louisiana Second Circuit Court of Appeal claims that his application for post-conviction relief was filed in the trial court on January 17, 2008 (Doc. 1, p. 71).  Review of this application for post-conviction relief continued until the Supreme Court of Louisiana denied writs on October 30, 2009.

To toll the federal limitation period, a petitioner's post-conviction application must be filed within the federal one-year period.  It appears Petitioner did not submit his state post-conviction application until January 2008, not January 2007, which was after the limitation period had already expired in September 2007.

Even if the court accepted as true Petitioner's claim that his application for post-conviction relief was filed in the trial court on January 14, 2007, his petition would still be untimely.  Petitioner's one year federal limitation period began on September 7, 2006 and continued until he filed his state post conviction relief application in the trial court on

January 14, 2007, encompassing approximately 128 days of the limitation period.  From that point, the limitation period was tolled until October 30, 2009, when the Supreme Court of Louisiana denied relief.[2]   Petitioner then had approximately 237 days, or until June 24, 2010 to file his federal petition for a writ of habeas corpus in this court.  Petitioner did not file his petition in this Court until September 2012 at the earliest.  Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

Furthermore, the federal habeas petition (5:09-cv-2150) Petitioner filed in this court on December 14, 2009 which was dismissed without prejudice on June 25, 2012 for failure to prosecute did not toll the statutory limitation period.  The filing of a petition for habeas corpus in federal court does not toll the limitations.  See Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

---

[2]This Court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made.  Art. 922.  However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief.

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14)**

**days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

   **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 22 day of April 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE
